IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ADEL THABET,**            Case No. 4:18 CV 611

    Petitioner,            Judge Donald C. Nugent

    v.            Magistrate Judge James R. Knepp, II

**REBECCA ADDUCCI, et al.,**

    Respondent.            REPORT AND RECOMMENDATION

### INTRODUCTION

*Pro se* Petitioner Adel Thabet ("Petitioner"), an immigration detainee in federal custody, filed a Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241 ("Petition"). (Doc. 1). Respondents Rebecca Adducci, Director of Detroit District of Immigration and Customs Enforcement ("ICE"), Thomas Homan, Acting Director of ICE, Elaine C. Duke, Acting Secretary of the Department of Homeland Security, Jeff Sessions, III, Attorney General of the United States, and Lisa Hammond Johnson, Assistant United States Attorney ("Respondents") filed an answer. (Doc. 7).[1] Petitioner did not file a response. Subsequently, Respondents filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 8). The district court has jurisdiction over the Petition under § 2241(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated March 21, 2018). For the reasons discussed below, the undersigned recommends Respondent's Motion to Dismiss be granted.

---

1. In the Answer, Respondents asserted that Johnson, Sessions, Homan, and Department of Homeland Security Secretary Kirstjen Neilsen (in place of Acting Secretary Duke) were not Petitioner's immediate custodians, were not proper respondents, and thus should be dismissed. (Doc. 7, at 1 n.1) (citing *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003).

**BACKGROUND**

Petitioner, a native and citizen of Yemen, became a Lawful Permanent Resident of the United States in 1997. Doc. 7-1, at 1 (Declaration of Levi Schultz, Deportation Officer, Immigration and Customs Enforcement dated April 24, 2018). In December 2000, Petitioner was convicted of multiple criminal offenses in Michigan, and sentenced to a total of 14-25 years in prison. *Id.*; *see also id.* at 4-20 (Michigan court documents) In October 2007, ICE issued a notice to appear, charging him as removable due to his convictions. *Id.* at 21-23. Petitioner conceded removability and an immigration judge ordered Petitioner removed to Yemen in January 2011. *Id.* at 24-25. Petitioner was taken into ICE custody in September 2017. *Id.* at 2.

On March 15, 2018, Petitioner filed the pending Petition pursuant to 28 U.S.C. § 2241. (Doc. 1). In it, he claimed his continued detention following an order of removal was unlawful and he should be released. *Id.* at 3. Specifically, he argued he had been detained for longer than six months after a removal order, and there was no significant likelihood his removal would occur in the reasonably foreseeable future. (Doc. 1, at 9) (citing *Zadvydas v. Davis*, 533 U.S. 678, 699-70 (2001)). He requested an order declaring his continued detention unlawful, release from custody, and an injunction "enjoining Respondents from further unlawful detention of Petitioner." *Id.* at 11.

On April 30, 2018, Respondents filed an Answer, asserting Petitioner's removal was significantly likely in the reasonably foreseeable future. (Doc. 7, at 6-7). Specifically, Respondents provided evidence the government of Yemen issued travel documents for Petitioner in mid-April 2018, and Immigration and Customs Enforcement's Office of Enforcement and Removal Operations was coordinating Petitioner's removal. *Id.* at 3, 6-7; Doc. 7-1, at 2 (Declaration of Levi Schultz, Deportation Officer, Immigration and Customs Enforcement dated April 24, 2018).

On May 23, 2018, Petitioner was removed from the United States pursuant to his final removal order. (Doc. 8-1, at 1) (Declaration of Levi Schultz, Deportation Officer, Immigration and Customs Enforcement dated July 16, 2018).

Respondents have filed the pending Motion to Dismiss, arguing the Petition is moot and this Court lacks subject matter jurisdiction due to Petitioner's removal. (Docs. 8, 8-1).

### STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* Factual attacks, on the other hand, challenge the factual existence of subject-matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id.*

When adjudicating a motion to dismiss based upon a facial attack, the court must accept all material allegations of the complaint as true and must construe the facts in favor of the nonmoving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)); *see also Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001) (holding that all reasonable inferences must be drawn in favor of the plaintiff when evaluating a facial attack on subject-matter jurisdiction).

In contrast, a factual attack contests the validity of the facts alleged as support for subject-matter jurisdiction. *Ritchie*, 15 F.3d at 598. With a factual challenge, no presumption of truthfulness arises for either party, and the court must weigh the evidence to determine its power to hear the case. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). In this analysis, the court may consider both the pleadings and evidence not contained in the pleadings. *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000).

**DISCUSSION**

A federal district court may entertain an application for habeas relief only by a person held "in custody under or by color of the authority of the United States," or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (1), (3); *see also Munaf v. Geren,* 553 U.S. 674, 685 (2008). An inmate in federal custody pending removal may challenge the constitutionality of his confinement pursuant to § 2241. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The Supreme Court has held indefinite detention of a deportable alien is not permissible, as it would threaten the alien's Fifth Amendment's Due Process rights. *Id.* at 699.

The Supreme Court has explained that for a court to exercise habeas jurisdiction after release, the petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Because Petitioner was in custody at the time he filed his Petition, the question is whether this Court is still faced with a case or controversy under Article III, § 2 of the Constitution. *Id.* A court determines whether an action is moot by "examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman,* 848 F.2d 720, 723 (6th Cir. 1988).

To have an existing case or controversy, Petitioner, throughout the litigation, "'must have suffered, or be[en] threatened with, an actual injury traceable to the [Respondent] and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A petition is therefore not moot if the petitioner suffers from a "concrete and continuing injury" that is a collateral consequence of the detention and if the injury can be remedied by obtaining a writ of habeas corpus. *Id.*

A district court generally lacks jurisdiction over a petitioner's habeas claim under 28 U.S.C. § 2241 if the petitioner is not in custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990). Because a petition for a writ of habeas corpus challenges a government custodian's authority to continue detention, an individual's release from custody after filing generally moots the petition. *Lane v. Williams*, 455 U.S. 624, 632 (1982).[2] The Sixth Circuit has held that a petition for a writ of habeas corpus challenging the length of detention pending removal is rendered moot by removal. *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) ("Enazeh's August 2003 deportation has rendered his first two claims for relief moot. Enazeh sought release from detention pending his removal from the United States and an injunction against execution of the removal order. Because he has already been deported, the court can no longer grant the requested relief.").

To the extent this Court had jurisdiction to satisfy Petitioner's request for immediate release, that relief can no longer be provided. Petitioner has not alleged a concrete and continuing injury resulting from his detainment. Once Petitioner was removed, this Court could no longer grant his request for habeas relief from his continued detention. *See Carras v. Williams,* 807 F.2d 1286, 1288 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

---

2. There are narrow exceptions to this rule when a released petitioner establishes that he will suffer a future collateral consequence as a result of detention or that the case is "capable of repetition, yet evading review." *Lane*, 455 U.S. at 632-33. The Petition here does not seek relief from collateral consequences of his removal, but rather contests solely the legality of his detention pending removal. Nor has he asserted this case falls within the "capable of repetition, yet evading review" category. As such, these exceptions do not apply.

Courts within this district have previously determined that once a § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention becomes moot due to a lack of live case or controversy. *See Frimpong v. Sessions*, 2018 WL 2422038 (N.D. Ohio), *report and recommendation adopted* by 2018 WL 2417841; *Giborowski v. Napolitano*, 2013 WL 3187255 (N.D. Ohio); *Lin Su Fang v. Holder*, 2011 WL 2784496, at *3 (N.D. Ohio). Other courts have held similarly. *See, e.g., G.S. v. Holder*, 373 F. App'x 836, 844 (10th Cir. 2010); *Kurtishi v. Cicci*, 270 F. App'x 197, 199-200 (3d Cir. 2008); *Abdala v. INS*, 488 F.3d 1061, 1065 (9th Cir. 2007).

Here, Respondents have submitted an affidavit attesting to Petitioner's removal from the United States and release from ICE custody effective May 23, 2018. (Doc. 8-2). Because Petitioner is no longer being detained by any Respondent, Petitioner's request for relief has been rendered moot. Moreover, because Petitioner is no longer in custody, the court lacks jurisdiction over his habeas Petition. For these reasons, the undersigned recommends the court grant Respondents' motion to dismiss.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction be granted.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).