# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ADEL THABET, | ) | Case No. 4:18 CV 611 |
| | ) | |
| PETITIONER, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| REBECCA ADDUCCI, et al., | ) | **ORDER ADOPTING MAGISTRATE'S** |
| | ) | **REPORT AND RECOMMENDATION** |
| RESPONDENT. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. On July 17, 2018, Rebecca Adducci, Director of Detroit District of Immigration and Customs Enforcement ("Respondent"), filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF #8). Pursuant to Local Rule 72.2(b), this case was referred to Magistrate Judge Knepp. (Non-document entry dated March 21, 2018). Magistrate Judge Knepp concluded that the Court lacks subject matter jurisdiction and Petitioner's request for relief is moot because Petitioner is no longer in custody. Magistrate Judge Knepp recommended that the Court grant Respondent's Motion to Dismiss. No objections to Magistrate Judge Knepp's Report and Recommendation have been filed and the 14-day filing period has expired. The Report and Recommendation (ECF #9), issued on July 23, 2018, is hereby ADOPTED by this Court.

Under FED. R. CIV. P. 72(b), the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985) the Supreme Court stated: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those finding."

After a thorough review of the Report and Recommendation and the record, this Court adopts Magistrate Judge Knepp's findings and recommendation. Because Petitioner is no longer in Respondent's custody, the request for relief is moot and subject matter jurisdiction over the habeas petition does not exist. Accordingly, Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 5, 2018